```
UNITED STATES DISTRICT COURT                                        C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
LUISA BRAVO, et al.,                                        :
                                                            :
                          Plaintiffs,                       :  MEMORANDUM DECISION
                                                            :  AND ORDER
              - against -                                   :
                                                            :  18-cv-5807 (BMC) (RER)
ERNESTO RODRIGUEZ, et al.,                                  :
                                                            :
                          Defendants.                       :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("Labor Law") § 190 *et seq.* Plaintiffs claim that defendant Ernesto Rodriguez was their employer and failed to pay them overtime, as required by the FLSA and Labor Law, and failed to provide them wage notices and wage statements required by the Labor Law.

The case is before me on plaintiffs' unopposed motion for partial summary judgment. I hold that: (1) defendant was plaintiffs' employer; (2) defendant is liable for failing to pay overtime wages under the FLSA and Labor Law; and (3) defendant is liable for failing to provide wage statements required by Labor Law § 195(3), but not for failing to provide wage notices required by § 195(1).

## BACKGROUND

The facts are taken from plaintiffs' 56.1 statement and are uncontested.[1]

---

[1] The Court may treat defendant's failure to respond to plaintiffs' 56.1 statement as an admission. See Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000).

Plaintiffs used to work at a garment factory in Brooklyn. They were paid at a "piece rate" per item sewed at the factory. Plaintiffs often worked more than forty hours per week but were always paid using the piece rate system. For some weeks, plaintiff Bravo earned $200 to $250 for 63 hours of work and plaintiff Reinoso earned $200 to $250 for 50 hours of work. Ms. Bravo worked at the factory between 2003 and 2017 and Ms. Reinoso worked there from 2004 to 2018. Throughout this time, plaintiffs received inaccurate paystubs that showed an incorrect number of hours worked. Plaintiffs never received a written notice describing their pay rate, piece rate, hours, or other employment information.

Defendant supervised plaintiffs' work, set their pay rate, paid their wages, and oversaw hiring and firing workers at the factory.

## DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material when it might affect the outcome of the suit under governing law." Tracy v. Freshwater, 623 F.3d 90, 95 (2d Cir. 2010) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007)). "[W]hen a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).

Plaintiffs seek partial summary judgment on defendant's (i) status as Plaintiffs' employer; (ii) liability for failing to pay overtime under the FLSA and Labor Law; and (iii) liability for failing to provide wage notices and statements required by the Labor Law.

**I.     Employer Status**

Only an "employer" may be liable under the FLSA. See Irizarry v. Catsimatidis, 722 F.3d 99, 103 (2d Cir. 2013). The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Supreme Court has noted the "striking breadth" of the FLSA's definition of "employer," which "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326 (1992). Whether defendant is an employer for plaintiffs' Labor Law claim is analyzed "using the same standards applied to FLSA claims." Winfield v. Babylon Beauty Sch. of Smithtown Inc., 89 F. Supp. 3d 556, 570 (E.D.N.Y. 2015).

"[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" Irizarry, 722 F.3d at 104 (quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 141 (2d Cir. 2008)). Employment is "a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Id. (quoting Barfield, 537 F.3d at 141–42). Four factors to be considered are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 104–05 (quoting Barfield, 537 F.3d at 42).

Defendant was plaintiffs' employer. Plaintiffs testified that defendant supervised plaintiffs' work, paid wages to plaintiffs, controlled hiring and firing, and set the pay rate for workers. Defendant admits these facts by failing to oppose them, see Millus, 224 F.3d at 138, and admitted at his deposition that he paid employees. Although defendant was not responsible

3

for keeping employment records, that alone does not defeat plaintiffs' claim. See Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 36 & n.7 (E.D.N.Y. 2015) ("The fact that [defendants] did not keep employment records does not undermine [finding them employers] because no employment records were kept; thus, the economic reality is that all employer tasks [] were handled by [defendants]."); see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 140 (2d Cir. 1999) ("[T]here is no evidence that Portnoy was involved in maintaining employment records. But that this fourth factor is not met is not dispositive."). The first three factors establish that defendant had the power to exercise control over plaintiffs' employment and was their employer.

Plaintiffs are entitled to summary judgment on defendant's status as their employer.

## II. Overtime Wages

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011). The same standard applies to overtime claims under the Labor Law. Id. at 357 n.2.

Under the FLSA and Labor Law, employees are entitled to overtime pay – one and one-half times their regular rate – for hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(2)(C); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-3.2. This applies with equal force to those employed at piece rates. 29 U.S.C. § 207(g); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. To determine a piece-rate employee's regular rate, courts divide the employee's total compensation in a workweek by the number of hours worked in that workweek. 29 C.F.R.

4

§ 778.109; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.16; see Pest v. Bridal Works of N.Y., Inc., 268 F. Supp. 3d 413, 428 (E.D.N.Y. 2017).

Defendant did not pay plaintiffs overtime compensation as required by the FLSA and Labor Law. Plaintiffs frequently worked over forty hours per week. Plaintiffs were paid at piece rates and never earned additional wages for the overtime hours that they worked. For example, Ms. Bravo and Ms. Reinoso earned approximately $200 or $250 for weeks in which they worked 63 and 50 hours, respectively. Defendant had knowledge of plaintiffs' work because he was responsible for supervising and paying plaintiffs.

Plaintiffs are entitled to summary judgment on defendant's liability for their FLSA and Labor Law overtime claims.

**III.    Notices and Statements**

    A.    Wage notices

Under the Labor Law, employers must provide employees with a notice that describes, *inter alia*, the rate of pay and its basis, such as piece rate. Labor Law § 195(1). If an employee is not provided this notice within ten business days of their first day, she may recover "damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." Labor Law § 198(1-b).

Between April 9, 2011 and February 26, 2015, the statute also required employers to provide an annual notice in addition to the notice required at hiring. Wuzi Jiao v. Kitaku Japanese Rest., Inc., No. 16-CV-2694, 2020 WL 2527588, at *12 (E.D.N.Y. Mar. 13, 2020), report and recommendation adopted, 2020 WL 2523109 (E.D.N.Y. May 18, 2020). The annual notice is no longer required. See id. Before April 9, 2011, when New York's Wage Theft

Prevention Act ("WTPA") went into effect, there was no private right of action for an employee to recover damages if their employer failed to provide the proper notices. Id.

Defendant is not liable for plaintiffs' wage notice claims under Labor Law § 195(1). Plaintiffs began their employment in 2003 and 2004 and never received the required notices. But employees who were hired prior to the effective date of the WTPA cannot recover damages for an employer's failure to provide wage notices at the time of hiring because the WTPA does not apply retroactively. See Gold v. New York Life Ins. Co., 730 F.3d 137, 144 (2d Cir. 2013); Remache v. Mac Hudson Grp., No. 14-CV-3118, 2018 WL 4573072, at *16 (E.D.N.Y. Sept. 7, 2018), report and recommendation adopted, 2018 WL 4568860 (E.D.N.Y. Sept. 24, 2018). Furthermore, many courts have held that employees may not bring a claim based on the annual wage notices because Labor Law § 198(1-b) only penalizes employers for not providing wage notices at hiring and does not reference annual notices. Remache, 2018 WL 4573072, at *16 (collecting cases). I agree.

Plaintiffs are not entitled to summary judgment on defendant's liability for their wage notice claims under Labor Law §§ 195(1) and 198(1-b).

B.  Wage statements

Employers must provide employees accurate wage statements that include, *inter alia*, the rate of pay, overtime rate, and the number of hours worked (regular and overtime). Labor Law § 195(3). If an employee is not provided these statements, she may recover "damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." Labor Law § 198(1-d). This penalty has been in effect since February 27, 2015. Wuzi Jiao, 2020 WL 2527588, at *12.

Plaintiffs received inaccurate wage statements throughout their employment at the factory. Because plaintiffs' employment after February 27, 2015 spans years, they are entitled to the maximum statutory damages of $5,000.

Plaintiffs are entitled to summary judgment on defendant's liability for their wage statement claims and statutory damages under Labor Law §§ 195(3) and 198(1-d).

## CONCLUSION

Plaintiffs' motion [47] for partial summary judgment is granted in part and denied in part. By separate Order, the Court will set this matter for a final pretrial conference.

**SO ORDERED.**

                                                                                      U.S.D.J.

Dated: Brooklyn, New York
       August 8, 2020